Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 743 | **DATE** | 3/14/11 |
| **CASE TITLE** | Jackie Wilson (A-91126) v. Warden Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court authorizes and orders the trust fund officer at plaintiff's place of confinement to deduct $2.50 from plaintiff's account, and to continue making deductions in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center, and to issue summons for Stateville Sergeant Williams, Nurse Wendy, and Warden Marcus Hardy. The United States Marshals Service is appointed to serve these defendants. The other defendants are dismissed. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

# STATEMENT

Plaintiff Jackie Wilson (A-91126), an inmate at the Stateville Correctional Center, has filed this 42 U.S.C. § 1983 against the prison's warden, assistant warden, eight prison officers, two prison adjustment committee members, the prison's doctor, a nurse, and several Illinois Department of Corrections personnel. Plaintiff seeks to file his complaint *in forma pauperis*.

Finding that plaintiff is unable to prepay the filing fee, the court grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $2.50. The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized and ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Stateville authorities shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

The court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A, Such review reveals that plaintiff may proceed with his claim of excessive use of force by Sergeant Williams, his claim of deliberate indifference to his medical needs by Nurse Wendy. Plaintiff may not proceed with his claims of deliberate indifference to his safety or his claims of procedural violations with his disciplinary hearings. These claims, as well as the defendants associated with these claims, with the exception of Warden Hardy, are dismissed.
**(CONTINUED)**

isk

# STATEMENT (continued)

Plaintiff asserts the following. He is a nudist. Other inmates had problems sharing a cell with plaintiff. On November 20, 2009, plaintiff was released from Stateville's F-House and was assigned to a cell (#712) in E-House. Plaintiff informed Lieutenant Hurst in E-House that plaintiff was a nudist. Hurst stated that plaintiff being nude inside his cell did not violate any prison dress codes. Plaintiff requested that, if he had to share a cell, he be allowed to have a cellmate who did not mind plaintiff being a nudist. This request apparently is not easily met.

Upon plaintiff's arrival at cell #712, the inmate already occupying the cell stated that there would be trouble if he was forced to room with plaintiff. Plaintiff refused to enter the cell. Officer Pounovich was called to the cell and plaintiff still refused to enter it. Sergeant Luth was called. Plaintiff still refused to enter the cell or move his belongings into it. Plaintiff explained that the inmate in #712 threatened harm if plaintiff moved in and, thus, plaintiff refused to enter. Plaintiff was taken back to segregation in F-House.

Plaintiff was later taken to another cell (#241). Like the inmate in #712, the inmate in cell #241 stated that if plaintiff moved into the cell, there would be problems. As before, plaintiff refused to enter the cell, and was returned to segregation. Plaintiff was then escorted by Lieutenant Robinson back to cell #241. The inmate there stood in the doorway blocking Robinson and plaintiff from entering. Robinson ordered Officer Kovach to place plaintiff's mattress in the cell. Kovach did so by forcing his way into the cell. Over plaintiff's objections, he was pushed into the cell and given a jumpsuit to wear.

Once inside the cell, plaintiff explained to his cellmate that plaintiff was a nudist, that he had been a nudist his entire adult life, and that the fact of his being a nudist was in his prison file. The cellmate responded that, if plaintiff attempted to be nude, there would be a problem. Plaintiff then began to undress. The cellmate "sucker punched plaintiff in the face." (Complaint at 19.) Plaintiff defended himself and a fight ensued. Sergeant Williams arrived at the cell during the fight. He ordered plaintiff and his cellmate to stop. The inmates continued. Williams then sprayed a chemical agent into the cell. The inmates stopped fighting and moved away from each other. Williams then sprayed plaintiff in the face. Williams told plaintiff to step up to the doorway to be cuffed. When plaintiff responded that he had difficulty seeing, Williams sprayed plaintiff again. Plaintiff found his jumpsuit and the doorway, where he was cuffed and taken to the shower area. Twenty-five minutes later, a medical technician or nurse named Wendy came to the shower area. Wendy stated that there was no doctor at the health unit for another two days. Plaintiff requested something for the pain. Wendy stated she would return with something, but never did.

Plaintiff was then interviewed by Internal Affairs. He was then told to shower. Officer Pounovich later wrote a disciplinary report against plaintiff for disobeying an order. Another disciplinary report was written for fighting. The disciplinary officers allegedly interviewed only the complaining officers about the incident, but not plaintiff's cellmate or the inmate in cell #712. Plaintiff was sentenced to 30 days of segregation.

Plaintiff's allegations indicate that most of his allegations do not state a claim. With respect to plaintiff's claims that officers failed to protect him by forcing him to room with a cellmate who had problems with his nudity, plaintiff has not stated a claim. Although correctional officers have a duty not to deliberately ignore a serious risk of harm to an inmate, *see Farmer v. Brennan*, 511 U.S. 825, 833-38 (1994); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002), an inmate "cannot base a failure to protect claim on [a] situation that he instigated." *Harris v. Schapmire*, No. 09-1037, 2010 WL 2697146, *4 (C.D. Ill. July 7, 2010) (citing *Clark v. Johnson*, 181 Fed.Appx. 606, 607-608, 2006 WL 1582181, 1 (7th Cir. 2006) ("prison officials cannot reasonably be required to protect an inmate who intentionally instigates a violent altercation with another prisoner"). By his own assertions in his complaint, plaintiff knew that his cellmate was disturbed by plaintiff undressing, yet plaintiff persisted being nude. *See Hadley v. Peters*, 841 F.Supp. 850, 858 (C.D. Ill. 1994) ("[p]rison officials cannot be held liable for problems directly caused by the plaintiff's own contentious nature").

With respect to plaintiff's claims about the subsequent disciplinary proceedings, plaintiff alleges that he did not receive certain procedures, such as the ability to call witnesses and a proper investigation of the charges. He
**(CONTINUED)**

states, however, that the result of the disciplinary action was 30 days of segregation. An inmate is entitled to due process before he is deprived of a constitutionally protected liberty interest. *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). A prisoner does not have a protected liberty interest in not being placed in segregation, *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000), Placement in segregation thus did not deny him a protected liberty interest. Even if plaintiff had a protected liberty interest – i.e., if the disciplinary hearing changed the duration of his confinement – such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (a state prisoner seeking § 1983 damages stemming from a prison disciplinary hearing that affected the fact or duration of confinement must first demonstrate that the disciplinary charges have been set aside). Accordingly, plaintiff cannot proceed in this court with his claim that he was unfairly disciplined without proper procedures.

Although the bulk of plaintiff's allegations do not state a claim, Plaintiff does allege that, after he ceased fighting, Officer Williams twice sprayed a chemical agent in his face. Plaintiff further alleges that Nurse Wendy provided inadequate treatment for plaintiff's resulting injuries. Such allegations state claims of excessive force and deliberate indifference. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (the unnecessary and wanton infliction of pain on an inmate may establish an excessive force claim); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (neither medical malpractice nor negligence are sufficient to establish deliberate indifference to a medial need, but a medical decision or the lack thereof that is so far afield of acceptable professional standards may establish a valid deliberate indifference claim). Accordingly, plaintiff may proceed with his claim of excessive force against Officer Williams and his claim of deliberate indifference to plaintiff's injuries against Nurse or Medical Technician Wendy.

Because of the lack of identifying information for these two defendants (plaintiff refers to one by only a common last name and to the other by a common first name), Warden Marcus Hardy shall remain a defendant for the purpose of assisting with service. The clerk is directed to issue summonses for service of the complaint on Officer Williams, Nurse Wendy, and Warden Marcus Hardy. Once an attorney enters an appearance for Hardy, and if Williams and Wendy have not yet been served, plaintiff may forward to the attorney for Hardy discovery requests seeking information as to the full names of Williams and Wendy. *Donald v. City of Chicago Sheriff*, 95 F.3d 548, 555-56 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir.1995). Plaintiff's failure to seek such information within a reasonable amount of time (90 days after the attorney enters an appearance) will result in the dismissal of his claims against Williams and Wendy and, consequently, the dismissal of this suit.

The Marshal is directed to serve Stateville Sergeant Williams, Nurse Wendy, and Warden Marcus Hardy. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former employee who can no longer be found at the work address provided by plaintiff, officials at Stateville shall furnish the Marshal with the defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2), but if unable to obtain a waiver, the Marshal shall attempt to serve the defendant personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, he must send an exact copy of any court filing to the defendants, or to their attorney, if one has entered an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.